IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JENNIFER HIGGINBOTHAM                                                    PLAINTIFF

v.                                    CIVIL NO. 20-cv-05084

ANDREW SAUL, Commissioner                                                DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Jennifer Higginbotham, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her applications for DIB and SSI on June 16, 2017. (Tr. 162). In her applications, Plaintiff alleged disability beginning on April 20, 2014, due to: complex PTSD, depression, anxiety, diabetes, a bone spur in her back, and a slipped disc in her back. (Tr. 162, 454). An administrative hearing was held on March 6, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 192-237). A vocational expert ("VE") also testified. (*Id.*).

On January 2, 2019, the ALJ issued an unfavorable decision. (Tr. 162-190). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: diabetes; obesity; a spine disorder; anemia; restless leg syndrome; insomnia; obstructive sleep apnea; a cystocele; a rectocele, a history of

1

syncope/seizures; dysthymia/major depressive disorder, not otherwise specified; borderline personality disorder; obsessive-compulsive personality disorder; avoidant and self-defeating personality features; ADHD; and PTSD. (Tr. 168-69). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 169-71). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps and stairs, she can never climb ladders, ropes or scaffolds, she can occasionally balance, stoop, kneel, crouch, and crawl, and she must avoid concentrated exposure to hazards, including no driving as part of work. The claimant is further able to perform unskilled work where interpersonal contact is incidental to the job performed, the complexity of tasks is learned and performed by rote, with few variables and little judgment, and the supervision required is simple, direct and concrete.
> (Tr. 171-81).

The ALJ found Plaintiff would be unable to perform any of her past relevant work. (Tr. 181-82). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of: housekeeping cleaner, apparel stock checker, or merchandise marker. (Tr. 182-83). The ALJ found Plaintiff was not disabled from April 20, 2014, through the date of his decision. (Tr. 183).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must

be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings only one point on appeal: whether the ALJ erred in his mental RFC assessment. (Doc. 15). Plaintiff argues the ALJ improperly relied upon the opinions of non-examining physicians who did not have the entire medical record when they gave their opinions, and did not properly consider the opinions of Plaintiff's treatment providers Dr. David Martin and Brandy School, M.S., LAC. (Doc. 15, pp. 4-9). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 8th day of January 2021.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE